MAX MANDEL and IDA FEINSTEIN, Respondents, v. ELIAS
COTTFRIED, Impleaded with Others as Undertenants,
Appellant.

(Supreme Court, Appellate Term, May, 1909.)

Landlord and tenant — Re-entry and recovery of possession by land-
     lord — Summary proceedings — Grounds — Violation of Labor Law
     — Leases made before enactment of Labor Law.

     Section 94 of the Labor Law, enacted as an amendment to said
     law in 1906, gives to landlords a new remedy by summary pro-
     ceedings, but does not give them any new rights.

     Such remedy is available to a landlord under a lease made be-
     fore the passage of the amendment which added said section to
     the Labor Law.

APPEAL by the tenant from a final order of the Municipal Court of the city of New York, second district, borough of Manhattan, awarding to the landlords the possession of the premises in question.

Henry Weismann, for appellant.

Samuel Plumer, for respondents.

*Per Curiam.* The landlords herein have sought to regain possession of the premises from the tenant by summary proceedings, brought under section 94 of the Labor Law, providing that, whenever, by the terms of a lease, any lessee shall have agreed to carry out certain provisions of the Labor Law, the failure or refusal so to do shall be a cause for dispossessing said tenant by summary proceedings to recover real property as provided in the Code of Civil Procedure. In this case the lessee had so agreed; and, by virtue of section 2234 of the Code, the Municipal Court had jurisdiction of the proceeding.

The tenant also claims that, since this lease was made before section 94 of the Labor Law was amended to cover this case, the statute does not apply to this contract. The statute, however, does not give the landlords any new rights, simply a new remedy. The lease itself provides that, for a breach of the covenant to comply with the order of any State department, the landlords shall have the right to re-enter by summary proceedings. Until this statute was passed, they were unable to do so, because there was no provision of law under which such proceedings could be brought; but it is evident that, when the remedy is provided, it will be effective in regard to a right previously expressly given by contract.

The final order appealed from is affirmed, with costs to respondents.

Present: GILDERSLEEVE, SEABURY and LEHMAN, JJ.

Final order affirmed, with costs to respondents.